UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GEORGE,<br><br>               Plaintiff,<br><br>     v.<br><br>W. SULLIVAN, et al.,<br><br>               Defendants. | No. 1:20-cv-00659-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND ALLOWING PLAINTIFF THIRTY DAYS TO PAY THE FILING FEE<br><br>(Doc. Nos. 2, 10)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff Joseph George is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 15, 2020, the assigned magistrate judge filed findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be denied, and this action be dismissed without prejudice, because plaintiff has incurred more than three dismissals counting as "strikes" under 28 U.S.C. § 1915(g). (Doc. No. 10.) The magistrate judge further found that plaintiff's allegations failed to satisfy the imminent danger exception to the three-strikes provision. (*Id.* at 2.) Plaintiff was provided fourteen (14) days to file objections to the findings and recommendations. (*Id.* at 2–3.)

/////

Plaintiff filed timely objections on May 29, 2020. (Doc. No. 12.) In his objections, plaintiff contends that the three-strikes provision of the *in forma pauperis* statute is unconstitutional. (*Id.* at 2.) Plaintiff also argues that the magistrate judge incorrectly found four of his prior cases to be strikes. (*Id.* at 2–3.) Lastly, plaintiff contends that he qualifies under the imminent-danger exception. (*Id.* at 2–4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis insofar as the magistrate judge has recommended denial of the motion to proceed in forma pauperis.

First, petitioner cites no caselaw to support his assertion that the three strikes provision is unconstitutional. To the contrary, the Ninth Circuit has held that the provision does not violate a plaintiff's equal protection rights. *Rodriguez v. Cook*, 169 F.3d 1176, 1178-81 (9th Cir. 1999).

Second, the magistrate judge correctly found that four of plaintiff's prior cases were dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted. (Doc. No. 10 at 2.) *George v. Schultz, et al.*, No. 4:05-cv-01070-CW (N.D. Cal. Nov. 9, 2005), is properly considered a strike because that court dismissed one of plaintiff's two claims for failure to state a claim and the other because it was clear on the face of his complaint that plaintiff failed to exhaust administrative remedies with respect to the second claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043-44 (9th Cir. 2016) (indicating that where a case is dismissed because failure to exhaust is clear on the face of the complaint, such a dismissal counts as a strike for failure to state a claim). In *George v. Doe*, No. 4:07-cv-03697-CW (N.D. Cal. Aug. 1, 2007), the court dismissed the case as duplicative and abusive under 28 U.S.C. § 1915A. The court's citation to 28 U.S.C. § 1915A reflects that the dismissal was based upon a finding that the complaint was frivolous, malicious, or failed to state a claim. That court also cited *Bailey v. Johnson*, 846 F.2d 1019, 1020 (5th Cir. 1988), which acknowledged that courts may dismiss duplicative cases as frivolous or malicious. *See also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey* with approval). In *George v. United States, et al.*, No. 3:19-cv-01544-AJB-BLM

2

(S.D. Cal. Oct. 7, 2019), and *Joseph George v. USA*, No. 19-56449[1] (9th Cir. Feb. 6, 2020), the district court and the Ninth Circuit Court of Appeals explicitly dismissed plaintiff's case and subsequent appeal, respectively, as frivolous. Both count as strikes. *See Coleman v. Tollefson*, 575 U.S. 532, ___, 135 S.Ct. 1759, 1764 (2015) ("[w]e have found nothing in [the *in forma pauperis* statute] indicating that Congress considered a trial court dismissal and an appellate court decision as if they were a single entity").

Finally, the court agrees with the magistrate judge's finding that plaintiff's allegations fail to satisfy the imminent danger exception under 28 U.S.C. § 1915(g). (Doc. No. 10 at 2.) In his objections, plaintiff points to attacks he experienced in April and May of 2018 and January and May of 2019, at more than one institution of confinement. (Doc. No. 12 at 3-4.) However, the record indicates plaintiff was transferred to Pelican Bay State Prison (Pelican Bay) at some point in early 2020. (*Compare* Doc. No. 1 at 13 (grievance appeal decision dated January 7, 2020 mailed to plaintiff at CCI Tehachapi) *with* id. at 16 (grievance appeal decision dated March 24, 2020 mailed to plaintiff at Pelican Bay); *see also id*. at 7 (plaintiff alleging appeals coordinator at CCI Tehachapi retaliated against plaintiff by arbitrarily stopping exhaustion of his grievance concerning issues at CCI Tehachapi because plaintiff had been transferred). Plaintiff filed this action, which concerns alleged conduct at CCI Tehachapi, <u>after</u> his transfer to Pelican Bay. (See Doc. No. 1 at 1.) None of plaintiff's allegations of imminent harm relate to Pelican Bay State Prison, and plaintiff does not otherwise suggest he was in imminent danger at the time he filed this action or even that he presently faces imminent danger at Pelican Bay where he is currently imprisoned.

Although the court agrees that plaintiff's motion to proceed in forma pauperis should be denied, the court declines to dismiss the case at this time. Instead, plaintiff shall be afforded an opportunity to pay the required filing fee.

/////

/////

---

[1] The magistrate judge appears to have used the incorrect case number. (*See* Doc. No. 10 at 2.) The case name and date of the decision, however, are correct. (*See id.*)

Accordingly,

1. The findings and recommendations issued on May 15, 2020 (Doc. No. 10) are adopted insofar as they recommend denial of plaintiff's application to proceed in forma pauperis;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;
3. Plaintiff shall submit the $400 filing fee in full within thirty days from the date of this order before proceeding with this action; and
4. Any failure to pay the required filing fee within the time provided will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **June 3, 2020**

UNITED STATES DISTRICT JUDGE