UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GEORGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. SULLIVAN, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-00659-NONE-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Doc. No. 15) |

　　　　Plaintiff Joseph George is a state prisoner appearing *pro se* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 3, 2020, the court adopted findings and recommendations issued by the assigned magistrate judge (Doc. No. 10), denying plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) and ordering him to pay the filing fee in full within 30 days. (Doc. No. 13.)

　　　　On July 9, 2020, plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 15.) Plaintiff argues that (1) the court erroneously found that he accumulated four "strike" dismissals pursuant to 28 U.S.C. § 1915(g), (2) he qualifies for the imminent-danger exception to the three-strikes bar, and (3) the three-strikes bar is unconstitutional. (*Id.* at 2-6.)

　　　　"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment

rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  In addition, under Rule 60, the court may relieve a party from a judgement or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Lastly, pursuant to Local Rules, a party seeking reconsideration of a court order on a motion must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Plaintiff does not provide justification for relief based on any of the above grounds. Plaintiff makes the same arguments in his motion that he made in his objections to the magistrate judge's findings and recommendations. (*Compare* Doc. No. 15 *with* Doc. No. 12.)  He does not provide any new facts, evidence, or circumstances that were not presented in his objections or not already considered by the court.

First, the court already discussed the reasons why the four dismissals cited by the magistrate judge are properly counted as strikes. (Doc. No. 13 at 2-3.)  The court found that three cases and one appeal were dismissed because they were frivolous or malicious or failed to state a claim on which relief can be granted.  (*Id.*)  Plaintiff does not appear to challenge the fact that the cases and appeal were dismissed on these grounds *per se*.  Rather, he challenges the dismissals themselves, or he argues that the court provided inadequate analyses of the underlying lawsuits. (*See* Doc. No. 15 at 2-4.)

With respect to *George v. Schultz, et al.*, No. 4:05-cv-01070-CW (N.D. Cal.), plaintiff argues that Judge "Wilkens erred . . . by dismissing the case." (Doc. No. 15 at 3.)  Whether the district court erroneously dismissed the action is irrelevant to whether the action was, in fact, dismissed for failure to state a claim. *Cf. Coleman v. Tollefson*, ___U.S.___, 135 S. Ct. 1759, 1763–64 (2015) (a "dismissal on a statutorily enumerated ground counts as a strike even if the

2

dismissal is the subject of an appeal," and even if "[a]n erroneous . . . dismissal might wrongly deprive . . . *in forma pauperis* status with respect to lawsuits filed after a dismissal but before its reversal on appeal").  If plaintiff wishes to challenge the dismissal itself, the proper place is in a direct appeal of the dismissal, not in this action.

With respect to *George v. Doe*, No. 4:07-cv-03697-CW (N.D. Cal.), plaintiff argues that, "[b]ecause the Court did not analyze[] the lawsuit . . . it should not be counted as a strike." (Doc. No. 15 at 4.)  However, the court did analyze the lawsuit and found that the district court in that case dismissed the action as duplicative and abusive under 28 U.S.C. § 1915A.  (Doc. No. 13 at 2.)  Plaintiff does not challenge the substance of the court's finding that the dismissal is a strike.

Regarding *George v. United States, et al.*, No. 3:19-cv-01544-AJB-BLM (S.D. Cal.), and *Joseph George v. USA*, No. 19-564491 (9th Cir.), plaintiff states that "the Court has not analyzed the lawsuit or appeal as required" and "both these cases should not count as strikes." (Doc. No. 15 at 4.)  Plaintiff provides no support for these conclusory assertions, and he does not challenge the substance of the court's finding that the district court and the Ninth Circuit Court of Appeals explicitly dismissed the case and appeal as frivolous, respectively, which qualifies both of the dismissals as strikes.  (Doc. No. 13 at 2-3.)

Plaintiff also argues that "the court has not provided any documentation to support the findings" in the dismissals.  (*Id.* at 2, 4.)  Plaintiff provides no authority that requires the court to provide such documentation.  The magistrate judge took judicial notice of the court records in the relevant cases and appeal (Doc. No. 10 at 2), as the court is authorized to do.  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).  This is sufficient in this case.  *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("district court docket records may be sufficient to show that a prior dismissal satisfies . . . criteria under § 1915(g) and therefore counts as a strike").

Second, the court already considered and rejected plaintiff's argument that his allegations satisfy the imminent-danger exception under 28 U.S.C. § 1915(g).  (Doc. No. 13 at 3.)  The allegations in plaintiff's complaint concern incidents that allegedly occurred at California Correctional Institution.  (*See* Doc. No. 1 at 1.)  Plaintiff is now incarcerated at Pelican Bay State Prison (Pelican Bay).  (*See id.* at 16.)  As the court previously found, plaintiff's allegations do not

"suggest he was in imminent danger at the time he filed this action or . . . that he presently faces imminent danger at Pelican Bay where he is currently imprisoned." (Doc. No. 13 at 3.)

In his motion, plaintiff contends that there is "an ongoing conspiracy by prison gangs and prison guards," and this is sufficient to satisfy the imminent-danger exception. (Doc. No. 15 at 5.) However, plaintiff already raised this contention in his objections to the findings and recommendations. (Doc. No. 12 at 4.) Plaintiff again provides no facts to support this allegation, and he provides no facts to show that such "conspiracy" has followed him to Pelican Bay and thereby placed him in imminent danger. Plaintiff cites the decision in *Williams v. Paramo*, 775 F.3d 1182 (9th Cir. 2015), to support his argument that his allegations are adequate to support a finding that the exception applies here. (Doc. No. 15 at 5.) But, in *Williams*, the plaintiff alleged "that she 'is receiving constant, daily threats of irreparable harm, injury and death due to the prison officials and defendants revealing to other inmates (where the appellant is incarcerated) that the appellant is, allegedly, a convicted sex offender and child molester.'" 775 F.3d at 1190. Here, although plaintiff alleges that he has experienced "harassment and attacks at several prisons," he does not allege that he has experienced such at Pelican Bay, where he is currently incarcerated. (*See* Doc. No. 1 at 3.) In fact, the claims in plaintiff's complaint do not concern any incidents at Pelican Bay. (*See id.* at 1-7.)

Third, the court already considered plaintiff's contention that the three-strikes provision is unconstitutional. (Doc. No. 13 at 2.) According to the Ninth Circuit, the three-strikes bar under section "1915(g) is not facially unconstitutional." *Andrews*, 398 F.3d at 1123 (citation omitted). Plaintiff provides no reason why the provision is unconstitutional as applied to him.

Based on the foregoing, plaintiff's motion to alter or amend the court's order denying his application to proceed *in forma pauperis* (Doc. No. 15) is denied.

IT IS SO ORDERED.

Dated:  **July 16, 2020**

UNITED STATES DISTRICT JUDGE

4