UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GEORGE,<br><br>            Plaintiff,<br><br>    v.<br><br>W. SULLIVAN, et al.,<br><br>            Defendants. | No. 1:20-cv-00659-NONE-SKO (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEE |

Plaintiff Joseph George is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 4, 2020, the court denied plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) and ordered plaintiff to pay the filing fee of $400 within thirty (30) days.  (Doc. No. 13.)  The court cautioned plaintiff that "failure to pay the required filing fee within the time provided will result in the dismissal of this action."  (*Id.* at 4.)

On July 9, 2020, plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (Doc. No. 15.)  Plaintiff argues that (1) the court erroneously found that he accumulated four "strike" dismissals pursuant to 28 U.S.C. § 1915(g), (2) he qualifies for the imminent-danger exception to the three-strikes bar, and (3) the three

/////

strikes bar is unconstitutional. (*Id*. at 2-6.) That motion was denied. (Doc. No. 16, filed July 16, 2020.)

In an abundance of caution, the court has waited thirty (30) days from issuance of its July 16, 2020 order denying plaintiff's motion to alter or amend the judgment. Plaintiff has still not paid the required filing fee.[1]

Accordingly,

1. This action is dismissed without prejudice due to plaintiff's failure to pay the filing fee; and
2. The Clerk of the Court is directed to assign a district judge to this matter for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **August 17, 2020**

_____
UNITED STATES DISTRICT JUDGE

---

[1] On August 10, 2020, plaintiff did file a "notice of intent to file a notice of appeal" from this court's July 16, 2020 order denying his motion to alter or amend the judgment. (Doc. No. 17.) The same day, he filed a request for an extension of time to file that notice of appeal indicating that he is seeking the assistance of counsel and has had no access to the law library due to the COVID-19 public health emergency. (Doc. No. 18.) Because the July 16, 2020 order was not a final disposition of the matter, it is considered "interlocutory" and generally would not be immediately appealable. This order, in contrast, is a final disposition of this matter. Accordingly, the court will disregard plaintiff's previous notice of intent to file a notice of appeal and request for extension of time to notice an appeal from the July 16, 2020 Order. The time for the filing of a notice of appeal will run from the date of service of this order. *See* Fed. R. App. P. 4(a)(1)(A).